UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:
Alejandro Hernandez Velasco            Case No.: 20-73205-AST
                                                                        Chapter 7

                                   Debtor.
--------------------------------------------------------X

### ORDER DENYING TRUSTEE'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO EXTEND TIME TO EITHER OBJECT TO DISCHARGE OR SEEK DETERMINATION OF DISCHARGEABILITY OF DEBTS

On October 19, 2020, Alejandro Hernandez Velasco (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. The Section 341(a) Meeting of Creditors was initially scheduled for November 24, 2020. Pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007, the deadline to object to Debtor's discharge was set for January 25, 2021.

On October 19, 2020, Allan B. Mendelsohn was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

On January 27, 2021, after no timely objections to discharge or dischargeability were filed, Debtor received his discharge [Dkt. Item 12].

On February 22, 2021, nearly four weeks after the January 25, 2021, deadline to object to Debtor's discharge, the Trustee filed a motion to dismiss case for failure to attend the meeting of creditors, or in the alternative to extend time within which to either object to discharge or seek determination of dischargeability of debt (the "Motion") [Dkt. Item 15]. A hearing on the Motion was scheduled for March 23, 2021. Debtor did not oppose the Trustee's Motion.

No appearances were made at the scheduled Hearing on the Motion. The Trustee's appearance was excused under standing protocol in effect before this Court, which excuses the trustee from appearing when a motion to dismiss is unopposed.

The oddity of this case is that the Trustee did not seek to dismiss this case or extend his time to object to Debtor's discharge until after the discharge had been granted. As to dismissal, "it is inappropriate to dismiss a Chapter 7 case based upon debtor's lack of cooperation once debtor receives discharge." *In re Rodriguez*, 255 B.R. 118, 120-21 (Bankr. S.D.N.Y. 2000) (denying a Chapter 7 Trustee's motion to dismiss, after the debtor received his discharge, for failing to appear at the meeting of creditors). Dismissal of case will not revoke the discharge order and will serve only to give debtor all the benefits of bankruptcy with none of its burdens. *Id*.

While a debtor's failure to appear at the Section 341 Meeting may have constituted cause to grant a motion for an extension to object to discharge, the time for filing such a motion will expire if not filed within the time set by Bankruptcy Rules 4004 and 4007. *Id*. at 120. Bankruptcy Rules 4004 and 4007 provide that the deadline for filing a complaint objecting to discharge under Section 727(a) and for dischargeability of debt under Section 523(c) is sixty (60) days after the first date set for the meeting of creditors. Here, the Trustee did not file the Motion until four (4) weeks after the January 25, 2021, deadline to seek an extension had passed. The Trustee neither addresses the untimeliness of the Motion nor provides a reason for the Motion being untimely.

Therefore, because the Trustee's Motion is untimely, and dismissal of a Chapter 7 case is inappropriate, for failure to appear at the Section 341(a) Meeting, once Debtor had been granted his discharge, it is hereby

**ORDERED**, that the Trustee's Motion is denied.



**Dated: July 12, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**